ALBERT H. KLEVEN v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 10, 1897.

Nos. 10,831—(55).

Common Carrier—Ejection of Passenger—Excessive Damages.

> Plaintiff, a passenger on defendant's train, was wrongfully ejected therefrom because of certain suspicious defects in his ticket. The ticket was in fact valid, and appeared on its face to be; but there was no evidence which would warrant the jury in finding that in ejecting him the conductor acted maliciously, or with any such wanton disregard of plaintiff's rights as would justify any award of punitive damages. He was ejected in the morning, without force, purchased a ticket, and rode to his destination on another train the same evening. Held, a verdict of $225 as damages for such ejection is excessive, and the highest amount for which the verdict can be allowed to stand is $125.

Appeal by defendant from an order of the district court for Polk county, Ives, J., denying a motion for a new trial, after a verdict for plaintiff for $225. Affirmed on condition.

William R. Begg, for appellant.

The time limit upon the return ticket bought by the plaintiff was a reasonable and valid limitation, and was binding upon both the plaintiff and the defendant. Elmore v. Sands, 54 N. Y. 512; Missouri v. Murphy (Tex. Civ. App.) 35 S. W. 66; McGhee v. Drisdale, 111 Ala. 597; Grogan v. Chesapeake, 39 W. Va. 415; State v. Campbell, 32 N. J. L. 309; Boston v. Proctor, 1 Allen, 267; Barker v. Coflin, 31 Barb. 556; Boice v. Hudson, 61 Barb. 611; Shedd v. Troy, 40 Vt. 88; Dietrich v. Pennsylvania, 71 Pa. St. 432; MacKay v. Ohio, 34 W. Va. 65; Lillis v. St. Louis, 64 Mo. 464; McClure v. Philadelphia, 34 Md. 532; Farwell v. Grand, 15 Up. Can. C. P. 427.

[1] Reported in 72 N. W. 828.

As between the conductor and the passenger upon the train, the ticket is conclusive as to the rights of the passenger upon the train, and where the ticket offered is defective, it is the conductor's right and duty to demand payment of fare, and upon the passenger's refusal to pay fare to eject him from the train. Frederick v. Marquette, 37 Mich. 342; Townsend v. New York, 56 N. Y. 295; Yorton v. Milwaukee (Wis.) 11 N. W. 482; Krueger v. Chicago, 68 Minn. 445; Chicago v. Griffin, 68 Ill. 499; Petrie v. Pennsylvania, 42 N. J. L. 449; Dietrich v. Pennsylvania, 71 Pa. St. 432; Poulin v. Canadian, 3 C. C. A. 23; Shelton v. Lake, 29 Oh. St. 214; Hall v. Memphis, 15 Fed. 57; Baggett v. Baltimore, 3 D. C. App. 522; Western v. Stocksdale, 83 Md. 245; Pullman v. Reed, 75 Ill. 125; Ray, Neg. Imp. Dut. (Passenger) § 60, and cases cited. To make the ejection wrongful, the defect in the ticket must have been due to the negligence of some agent of the railway company in selling the same, stamping it, punching it, or performing some similar act. In order to recover the plaintiff must show either that he offered a valid ticket for his passage or that the defect in the ticket was due to defendant's negligence. Jerome v. Smith, 48 Vt. 230; Ripley v. New Jersey, 31 N. J. L. 388; Crawford v. Cincinnati, 26 Oh. St. 580.

The damages awarded in this action are excessive. Pine v. St. Paul, 50 Minn. 144; Finch v. Northern, 47 Minn. 36; Carsten v. Northern, 44 Minn. 454; Gillan v. Minneapolis, 91 Wis. 633; Hansley v. Jamesville, 115 N. C. 602; Louisville v. Breckinridge, 99 Ky. 1.

*H. Steenerson,* for respondent.

The point that the limitation upon the ticket was reasonable and valid has no relevancy. Krueger v. Chicago, 68 Minn. 445.

One who has taken his chances of advantage in cross examination has not, when he finds the direct testimony prejudicial, the legal right to exclude it. Coit v. Waples, 1 Minn. 110 (134); Weide v. Davidson, 15 Minn. 258 (327); 3 Jones, Ev. § 898; Levin v. Russell, 42 N. Y. 251. Carsten v. Northern, 44 Minn. 454, holds that the avoidance by plaintiff of personal violence by nonresistance does not deprive him of his right of action. Krueger v. Chicago, supra.

CANTY, J.

Plaintiff purchased of defendant at Crookston a ticket for passage

on its railroad train from that station to Fosston and return, and on the same day rode on the ticket to Fosston. The conductor tore off and took up the part of the ticket issued for this ride, returning the remainder of the ticket issued for the return ride. Plaintiff went out 95 miles into the country from Fosston to his claim, was thoroughly soaked in a rainstorm, and the return part of the ticket, which he carried with him, was also thoroughly soaked. He returned in ten days to Fosston, and at seven o'clock in the morning boarded the train for Crookston. He presented the return part of the ticket to the conductor for his fare, but the conductor refused to receive it because the date to which it was limited could not be made out from the stamp on the back of the ticket, and he demanded that plaintiff pay his fare. This plaintiff refused to do, and after he rode by one station the conductor ordered him off the train at Erskine, the next station, 15 or 16 miles from Fosston. He got off after the conductor threatened to put him off, and the same evening purchased a ticket from Erskine to Crookston, and rode on it to his destination, arriving there the same evening. This is an action for damages for ejecting him from the train. The jury returned a verdict for plaintiff for $225, and from an order denying a new trial the defendant appeals.

We are of the opinion that the evidence justified a verdict for plaintiff, and that the only assignment of error worthy of consideration is the one which states that the damages awarded are excessive. On the face of the return portion of the ticket is the following:

Great Northern Ry. Line. Great Northern Ry. Co. Returning, 25. Fosston to Crookston. Good only 30 days from date stamped on back. No stop over allowed. F. J. Whitney, G. P. & T. A.

In the stamp on the back the name of the month was missing, and the figures "5, 1895," appeared, the first figure 5 standing for the day of the month. The ticket was in this condition when presented to the conductor for fare. Plaintiff testified that after he got off the train at Fosston on the day that he bought the ticket, and before the ticket became wet, he noticed that the stamp "was not plain as to date."

Under the rule laid down in Krueger v. Chicago, 68 Minn. 445, 71

70 M.—6

N. W. 685, the jury were warranted in finding that when this ticket was issued it was so defectively stamped as to be, on its face, unlimited, and that the conductor should have so regarded it when it was presented to him for fare. But the ticket, when so presented, appeared to be old, faded, pocket-worn, and falling to pieces, and the conductor would naturally regard it with suspicion. Under these circumstances, the jury were not warranted in finding that he acted maliciously, or with such wanton disregard of the rights of plaintiff as to justify them in awarding punitive damages. Then plaintiff was not entitled to anything more than compensatory damages; and we are of the opinion that the verdict is so excessive that it cannot stand.

Plaintiff testified that when he was ejected from the train he had but 75 cents in money with him, and that he was obliged to beg or borrow at Erskine a few cents more in order to pay his fare to Crookston. But it is well settled that the poverty of the party, or his failure to have the necessary funds, will not enhance his damages in such a case.

Plaintiff claims that he was to meet an old employer of his at Crookston, for the purpose of engaging with him to enter his employment again, but that another man got the position, and that he (plaintiff), by reason of his failure to arrive at Crookston on the train from which he was ejected, did not see this old employer for ten days, or get a position with him for fifteen days or more after the time he was so ejected. But there is no evidence to prove that in any event the other man would not have got the earlier employment, or that plaintiff would not have had to wait the fifteen or more days before being employed. Plaintiff attempted to establish all of his claims as to these matters by his own testimony alone, but it is clear that he did not know what was in his old employer's mind, or that the latter preferred him to the other man. If plaintiff should be allowed $225 damages in this case, the man who is entitled to recover damages for the loss of a leg or an arm, or for bodily injury from which he suffers great pain for a year, should, in the same proportion, be allowed a hundred thousand or half a million damages. The scales of justice should weigh small matters with some degree of accuracy as well as large ones. In our opinion this ver-

dict is so excessive that it must be the result of passion or prejudice. We are of the opinion that $125 is the highest amount for which the verdict can be allowed to stand, and some of us are of the opinion that the verdict should be reduced still more.

It is therefore ordered that the order denying a new trial be reversed, and a new trial granted, unless plaintiff, within ten days after notice of the filing of the remittitur in the court below, file his written consent that the verdict be reduced to $125, and thereupon the verdict shall stand for that amount, and a new trial be denied.

BUCK, J. (dissenting).

I do not concur in the foregoing opinion. While there is grave doubt in my mind as to whether the negligence of the plaintiff in permitting the ticket to get wet, and then, while in this condition, carrying it for a long time in his pocket, did not entirely preclude his recovering anything, yet, conceding the finding of the jury to be against this phase of the case, the amount of the verdict should not be disturbed. It should have been in favor of the defendant or be permitted to stand.

Injuries of this character are without precise pecuniary measure, and ordinarily should be left to the experience of the jurors. If this court, in the exercise of its best judgment, holds, as stated in the foregoing opinion, that the plaintiff was entitled to $125 damages, can it be reasonably said that the jury were manifestly influenced by passion, partiality, prejudice, mistake, or misapprehension? It sometimes happens that the verdict bears upon its face inherent evidence that it was the result of some of the causes just stated, and in such cases the appellate courts are fully justified in holding the damages awarded excessive. As there is no mathematical rule by which the damages in this case can be perfectly measured, it seems to me that the jurors ought not to be deemed guilty of misconduct or errors such as form the basis for holding the damages excessive in a mere matter of $225, or a difference of only $100 from what this court decides is proper and not excessive.